JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TONY CRUZ URSULO, II,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case Nos. CR 15-412-CAS
CV 18-9966-CAS

**ORDER**

I.    **INTRODUCTION AND BACKGROUND**

On September 7, 2017, Tony Cruz Ursulo II pled guilty to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and one count of possession, use, carrying, and brandishing of a firearm in furtherance of and during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See CR Dkt. 78, Second Plea Agreement ("PA").[1] On February 8, 2018, petitioner was sentenced to 204 months

---

[1] Petitioner's criminal case was assigned case number 15-cr-412. Petitioner's criminal docket is cited herein as "CR Dkt. [X]." Petitioner's civil case number is 18-cv-

-1-

imprisonment and 5 years supervised release. CR Dkt. 88. On November 28, 2018, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, wherein he asserted that his defense counsel rendered ineffective assistance. CV Dkt. 1 ("Mot."). Petitioner filed a supplemental memorandum on November 28, 2018. CV Dkt. 2 ("Supp. Mot."). The government filed an opposition on May 13, 2019. CV Dkt. 17 ("Opp'n"). On August 1, 2019, in lieu of a reply, petitioner filed an opposition to his counsel's answers to the government's interrogatories. CR Dkt. 107.

## II. LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963). A § 2255 motion may be resolved without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under section 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 688, 694 (1984). A claim of ineffective assistance of counsel fails if either prong of

---

9966, generated upon Petitioner's filing of the instant motion. Petitioner's civil docket is cited herein as "CV Dkt. [X]."

the test is not satisfied, and petitioner has the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the Court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Id. The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id. at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's § 2255 motion without hearing. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

### III. DISCUSSION

Petitioner provides five discrete reasons why he believes his defense counsel Craig Harbaugh was ineffective: (1) his counsel told him that his sentence upon pleading guilty would be between seven and seven-and-a-half years, instead of the 17 years that the Court imposed, mot. at 5; (2) his counsel failed to explain the evidence, charges, options, and Sentencing Guidelines, id.; (3) his counsel failed to investigate his claim of innocence as to one of the charges, supp. mot. at 4-5; (4) his counsel failed to request a competency hearing, id. at 3; and (5) his counsel failed to inform him of his right to

appeal and failed to file a notice of appeal, id. at 7.  In response, the government contends that petitioner has misstated the facts, and that even if his counsel's conduct was deficient, it was not prejudicial to petitioner.  The Court addresses each of petitioner's arguments below.

### A. Alleged Misrepresentation of Petitioner's Likely Sentence

Petitioner contends that his counsel's performance was deficient because his counsel erroneously told him that his sentence upon entering a guilty plea would be between seven and seven-and-a-half years when, in fact, the Court ultimately imposed a sentence of 17 years.  Mot. at 5; Supp. Mot. at 3–5.

Petitioner's contention that his counsel misrepresented his likely sentence is directly contradicted by the record.  At the September 7, 2017 change of plea hearing, defense counsel expressly stated that petitioner was "pleading guilty to the three charges resulting in a maximum mandatory minimum of 17 years."  Dkt. 17-2 ("9/7/2017 Transcript") at 9.  Petitioner also explicitly affirmed that he had read and discussed the plea agreement with his counsel and understood and accepted its terms, including the mandatory minimums stated on the record:

> The Court: First of all, did you read the plea agreement before you signed it?
> The Defendant: Yes, Your Honor.
> The Court: And did you discuss it with your attorney before you signed it?
> The Defendant: Yes, Your Honor.
> The Court: Do you understand the plea agreement and all the terms contained in it?
> The Defendant: Yes, Your Honor.
> The Court: And is the plea agreement acceptable to you?
> The Defendant: Yes, Your Honor.
> . . .
> Mr. Ryan: The statutory minimum sentence that the Court must impose for Title 18, United States Section, Code 2113 A, D and E as charged in Count I

|   | of the First Superseding Indictment is a ten-year term of imprisonment and a |
|---|---|
| 1 | |
| 2 | mandatory special assessment of $100. The statutory mandatory minimum |
| 3 | sentence that the Court must impose for a violation of Title 18, USC Section |
| 4 | 924 C 1-A 2 as charged in Count II of the First Superseding Indictment is a |
| 5 | seven-year term of imprisonment which must run consecutive to any other |
| 6 | sentence of imprisonment and a mandatory special assessment of $100. |

> 1  of the First Superseding Indictment is a ten-year term of imprisonment and a
> 2  mandatory special assessment of $100.  The statutory mandatory minimum
> 3  sentence that the Court must impose for a violation of Title 18, USC Section
> 4  924 C 1-A 2 as charged in Count II of the First Superseding Indictment is a
> 5  seven-year term of imprisonment which must run consecutive to any other
> 6  sentence of imprisonment and a mandatory special assessment of $100.
> 7  The Court: Okay. Mr. Harbaugh, do you agree that that is the relevant
> 8  mandatory minimum sentence?
> 9  Mr. Harbaugh: Yes, Your Honor.
> 10 The Court: And do you understand that, Mr. Ursulo?
> 11 The Defendant: Yes, Your Honor.
> 12 The Court: Okay.  Have you and your attorney talked about the U.S.
> 13 Sentencing Guidelines?
> 14 The Defendant: Yes, Your Honor.

Id. at 10-11, 16-17. Petitioner signed and certified the Second Plea Agreement, which included the following statements: (1) "I understand the terms of this agreement, and I voluntarily agree to those terms"; and (2) "I am satisfied with the representation of my attorney in this matter." PA at 18. Moreover, defense counsel stated in his March 11, 2019 written answer to the government's interrogatories that he informed petitioner at the sentencing hearing that a guilty plea would result in a mandatory minimum sentence of 17 years. Dkt. 17-4 at 4–6.

The record demonstrates that petitioner was aware at the time he entered into the plea agreement that his plea could result in a 17-year sentence. Accordingly, the Court finds that he cannot sustain an allegation of ineffective assistance on the basis that his counsel misrepresented his likely sentence. See, e.g., United States v. Trujillo-Chavez, No. 07-cv-08069-DDP, 2011 U.S. Dist. LEXIS 47674, at *13 (C.D. Cal. Apr. 26, 2011) (denying an ineffective assistance claim where defendant agreed at the time that he entered the plea that he understood various collateral consequences); United States v.

Edwards, No. 15-cv-07683-SJO, 2016 U.S. Dist. LEXIS 60098, at *32 (C.D. Cal. Feb. 29, 2016) (denying an ineffective assistance claim for failure to properly inform petitioner of a sentence length where the defendant's signed plea agreement specifically contemplated a longer sentence).

Moreover, petitioner cannot demonstrate prejudice because there is no basis from which to conclude that had he known the plea agreement would have resulted in a sentence of 17 years rather than seven, he would have gone to trial and risked a mandatory minimum sentence of 42 years. See Opp'n at 18. Since petitioner can show neither deficiency nor prejudice, it does not appear that defense counsel was ineffective in his representation of petitioner's likely sentence.

**B.    Defense Counsel's Alleged Failure to Explain the Evidence, Charges, Options, and Sentencing Guidelines**

Petitioner further asserts that defense counsel's performance was deficient because his counsel failed to explain to him the evidence, charges, options, and Sentencing Guidelines. Mot. at 5; Supp. Mot at 5-6. Petitioner also alleges that his counsel failed to inform him of his options to proceed to trial or seek a more favorable plea bargain. Id. Petitioner's arguments are unpersuasive. First, the Court observes that petitioner does not provide any specific details about what his counsel failed to explain or show to him. Petitioner's allegations are also contradicted by the record. At the September 7, 2017 change of plea hearing, petitioner affirmed that he understood and had discussed with his counsel the charges, facts of the case, possible defenses, and the Sentencing Guidelines:

> The Court: Do you wish for me to [read your indictment again to you at this time]?
> The Defendant: No, it's not necessary, Your Honor.
> The Court: Have you discussed the indictment with your attorney? Actually, both of your attorneys.
> The Defendant: Yes, Your Honor.

| | |
|---|---|
| 1 | The Court: And do you understand the charges that have been made against |
| 2 | you in that indictment? |
| 3 | The Defendant: Yes, Your Honor. |
| 4 | The Court: And do you understand all the defenses you may have to the |
| 5 | charges set forth in that indictment? . . . Have you discussed with your |
| 6 | attorneys the facts of your case and the defenses you may have to what is |
| 7 | charged in the indictment? |
| 8 | The Defendant: Yes, Your Honor. |
| 9 | . . . |
| 10 | The Court: Do you also understand that after your initial advisory guideline |
| 11 | range has been determined, the Court has the authority in some circumstances |
| 12 | to depart upward or downward from that advisory range, and that the Court |
| 13 | will also examine other statutory sentencing factors under Title 18, United |
| 14 | States Code, Section 3553a which goes to the reasonableness of any sentence |
| 15 | imposed? |
| 16 | The Defendant: Yes, Your Honor. |
| 17 | . . . |
| 18 | The Court: Do you fully understand the charges against you, the possible |
| 19 | maximum sentence you may receive as well as the possible mandatory |
| 20 | minimum sentence available in this case? |
| 21 | The Defendant: Yes Your Honor. |
| 22 | The Court: Have you discussed the charges against you, the possible |
| 23 | punishment and the facts and defenses of this case fully with your attorneys? |
| 24 | The Defendant: Yes, Your Honor. |

9/7/2017 Transcript at 12–13, 18–19. Furthermore, defense counsel stated in his written response to the government's interrogatories that prior to the change of plea hearing, he: (1) "personally discussed and reviewed the evidence with [petitioner]"; (2) "investigated and discussed possible defenses with [petitioner]"; (3) "explained the guidelines

calculation, the advisory guidelines range, and the statutory maximum"; and (4) "[p]rior to signing the [Second Plea Agreement], advised [petitioner] regarding the weight of the evidence, availability of any defenses, likelihood of success at trial, his constitutional rights if he proceeds to trial, and the consequences of entering a guilty plea." Dkt. 17-4 at 4-7. Petitioner also affirmed that he was aware of his option to proceed to trial and understood the rights that he was foregoing by choosing to plead guilty:

> The Court: Do you understand that you have a right to persist in your not guilty plea, and in that event, you would go to trial before a jury?
> 
> The Defendant: Yes, Your Honor.
> 
> The Court: And do you understand that at any trial, you would be presumed innocent, and the government would have to prove your guilt beyond a reasonable doubt?
> 
> The Defendant: Yes, Your Honor.
> 
> . . .
> 
> The Court: Okay. And do you understand that because you are entering a guilty plea today, there will be no trial, and you are giving up your right to a trial as well as the rights associated with a trial that I just described to you?
> 
> The Defendant: Yes, Your Honor.
> 
> The Court: With that in mind, how do you plead to the charges that were summarized by the United States attorney set forth in Counts I and II and III in the indictment or as modified in Count III, guilty or not guilty?
> 
> The Defendant: Guilty, Your Honor.

9/7/2017 Transcript of Change of Plea Hearing at 19-21. Thus, petitioner's allegation that his counsel failed to inform him of his options to proceed to trial or take a "[more] favorable plea offer," mot. at 5, are unsupported by the evidence.

Aside from his unsupported allegations about defense counsel's failure to inform him of important information, petitioner fails to put forth any evidence demonstrating that his counsel's actions were unreasonable and therefore deficient. Petitioner also does

-8-

not establish a reasonable probability that, but for counsel's failure to inform him of the evidence, charges, options, and Sentencing Guidelines, the result of the proceedings would have been different.

Accordingly, the Court finds that petitioner was not denied his right to effective assistance of counsel based on his counsel's purported failure to inform him of the evidence, charges, options, and Sentencing Guidelines.

### C. Defense Counsel's Alleged Failure to Investigate Petitioner's Claim of Innocence

Petitioner asserts that he is innocent as to one of the two bank robberies to which he pled guilty and that defense counsel should have conducted a further investigation to learn of his innocence. Supp. Mot. at 6. Petitioner, however, admitted that he committed both bank robberies charged in the indictment when he signed the Second Plea Agreement. PA ¶ 17. Petitioner also affirmed at the change of plea hearing that, had the case gone to trial, the government could have proven beyond a reasonable doubt that "[o]n December 26, 2014, petitioner by force and intimation robbed a Chase bank located at 805 West Foothill Boulevard, Claremont, California" and that "[o]n June 30, 2015, defendant by force and intimation robbed a City bank located at 401 East Arrow Highway in Glendora, California." 9/7/2017 Transcript at 22-23. Petitioner stated that he was pleading guilty "because [he was] guilty and for no other reason." Id. In light of petitioner's affirmations of guilt in his plea agreement and the absence of any evidence indicating that petitioner was innocent of one of the bank robberies, there is no basis upon which to conclude that his counsel was ineffective because he did not do more to learn of petitioner's innocence.

Furthermore, petitioner fails to specify which evidence his counsel failed to investigate. Petitioner's broad and conclusory allegations do not entitle him to any relief. See Wallace v. United States, 457 F.2d 547, 548 (9th Cir. 1972) (affirming the district court's denial of § 2255 relief, where petitioner failed to assert "sufficient particulars" and instead stated "a bald conclusion in the form of a self-serving statement") (citations

omitted); United States v. Aguero, 534 F. Supp. 486, 487-88 (N.D. Cal. 1982) ("While the Court does not require allegations in minute detail in post-conviction petitions, purely conclusory allegations will not suffice.") (citing Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968)).

Petitioner also cannot demonstrate prejudice based on his counsel's allegedly inadequate investigation into his innocence. According to the government, the evidence against defendant was overwhelming: "He was caught coming out of one bank with a gun and a backpack full of cash, and multiple videos, photographs, and eyewitnesses identified him as the perpetrator of the second armed robbery." Opp'n at 17. In light of the government's representations and petitioner's failure to provide any details regarding why he believes he was innocent as to one of the bank robberies, there is no basis to conclude that his counsel would have found exculpatory material that would have caused petitioner to proceed to trial or to obtain a more favorable plea agreement.

Accordingly, the Court finds that petitioner was not denied his right to effective assistance of counsel based on his counsel's purported failure to investigate petitioner's innocence.

### D. Defense Counsel's Decision Not to Seek a Competency Determination

Petitioner asserts that he was on "numerous types of medication" for his "medical [] and mental condition" throughout the criminal proceeding and that "[c]ounsel knew of this but failed to take the appropriate steps to assure that [p]etitioner was capable of making sane decisions." Supp. Mot. at 6. However, at the change of plea hearing, the Court asked petitioner about his mental health and whether he was taking any medications. Petitioner affirmed under oath that he was "in good physical and mental health," had not "been treated recently for any mental illness or addiction to narcotic drugs of any kind," and was not "under the influence of any medication, drug, alcohol, or any substance or suffering from any mental condition that would prevent [him] from fully understanding the charges against [him] and the consequences of [his] guilty plea." 9/7/2017 Transcript at 6. Further, defense counsel testified in his written response to the

government's interrogatories that he and his investigator "repeatedly interviewed [petitioner] regarding his mental condition and medications," "obtained [petitioner's] prior medical history," and "retained a mental health professional to evaluate [petitioner] for any possible mental health condition, both past and present including the time(s) of the offenses." Dkt. 17-4 at 7. Neither the mental health professional nor defense counsel found that petitioner was unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. Id.

Furthermore, petitioner has not put forth any evidence indicating that the outcome of the proceedings would have been different had his counsel sought a competency determination. To the contrary, as indicated by defense counsel's statements and the mental health professional's evaluations, it is likely that had defense counsel sought a competency determination, petitioner would have been deemed competent to proceed.

Accordingly, the Court finds that petitioner was not denied his right to effective assistance of counsel based on his counsel's purported failure to seek a competency determination.

**E.     Defense Counsel's Alleged Failure to Advise Petitioner of His Right to Appeal**

Petitioner contends that his counsel was ineffective because he failed to advise him of his right to appeal. Supp. Mot at 7. Defense counsel, however, indicated in his written response to the government's interrogatories that, prior to sentencing, petitioner was advised of his right to appeal his conviction if he believed the entry of his plea was involuntary. Dkt. 17-4 at 6. Defense counsel also explained, "At no time did [petitioner] indicate that his guilty plea was involuntary nor did I have any reason to suspect that the entry of his guilty plea was involuntary." Id. The Court also advised petitioner that to the extent he had not waived his right to appeal, he must file an appeal within 14 days, to which petitioner responded, "Yes, Your Honor, I understand." 2/8/2018 Transcript of Sentencing Hearing at 10. Petitioner's contention that he was prejudiced by his counsel's

failure to inform him of his right to appeal is contradicted by the fact that he confirmed during the Sentencing Hearing that he understood that he could file an appeal.

Petitioner also contends that he was prejudiced because his counsel failed to ask him whether he wanted to appeal and because his counsel failed to file an appeal. The Second Plea Agreement, however, includes a waiver of appeal of conviction and a limited mutual waiver of appeal of sentence. Opp'n at 14, citing PA ¶¶ 23-24. See United States v. Navarro-Botello, 912 F.2d 318, 319 (9th Cir.1990) (holding that a knowing and voluntary appellate waiver in a negotiated plea agreement is enforceable). Defense counsel represents that he "advised [petitioner] that he had no right to appeal his sentence based upon the appellate waiver" in the Second Plea Agreement. Dkt. 17-4 at 6. In light of petitioner's waiver of his right to appeal, the Court finds that his counsel was not ineffective for failing to ask petitioner whether he wanted to appeal or for failing to file an appeal.

Petitioner has also not put forth any evidence that defense counsel's failure to file an appeal has prejudiced him. Even if petitioner asked counsel to file an appeal and his counsel filed one, any appeal likely would have been dismissed given the waiver in the Second Plea Agreement. Accordingly, the Court finds that petitioner was not deprived of his right to effective assistance of counsel based on his attorney's purported failure to file an appeal.

### F. Petitioner's Request for an Evidentiary Hearing

Although petitioner requests an evidentiary hearing, the Court observes that it need not hold an evidentiary hearing when "the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. And when, as here, a motion is based on some alleged occurrences outside the record, no hearing is required if the allegations "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)). A court may also make a

decision as to the credibility of a petitioner's allegations based on documentary evidence and evidence in the record.  Shah v. United States, 878 F.2d 1159, 1168–69 (9th Cir. 1989).  The Court concludes that an evidentiary hearing is not required because petitioner's allegations are either insufficient to state a claim for relief or contradicted by the record.

IV. **CONCLUSION**

In accordance with the foregoing, the Court **DENIES** Ursulo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

DATED:  August 9, 2019

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE